ROBERT V. FISTERE, as Assignee for the Benefit of Creditors of J. & O. SHOE CORPORATION, Respondent, *v.* HARRY JANAPOLL and Others, Defendants, Impleaded with NEW CASTLE LEATHER Co., INC., Appellant.

First Department, June 8, 1934.

*Milton Kunen* of counsel [*Morway Picket* with him on the brief; *Kaye, McDavitt & Scholer*, attorneys], for the appellant.

*Bernard F. Nathan* of counsel [*Louis J. Horowitz* with him on the brief; *Bernard F. Nathan*, attorney], for the respondent.

PER CURIAM. We think that section 151 of the Debtor and Creditor Law applies only to a set-off of mutual *debts*. It allows a set-off against " any indebtedness " to the plaintiff of " any amount owing " to the defendant. This has relation, it appears to us, to mutual *debts* and not to other causes of action. This is confirmed by the title of section 151 which reads: " Right of set-off against unmatured *debts*." Since the existence of mutual debts, where they had matured, could always be litigated under section 266 of the Civil Practice Act, it must be that the only purpose of section 151 of the Debtor and Creditor Law was to allow debts to be set off even where *they had not matured*.

It would follow, therefore, that section 151 of the Debtor and Creditor Law does not modify section 266 of the Civil Practice Act, but merely confers upon a defendant the right to set off an *unmatured* debt in cases where formerly this could not have been done. Here the plaintiff's claim does not constitute an " indebtedness " of the defendant (*Waxman* v. *Williamson*, 256 N. Y. 117), and, therefore, the right to set off " any amount owing " does not exist under section 151 of the Debtor and Creditor Law. The plaintiff's claim is for money diverted unlawfully and without consideration from the plaintiff's assignor. Such a claim does not constitute a " debt." Therefore, we think the right of set-off does not exist here.

The order should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant, appellant, to serve an amended answer within ten days from service of order upon payment of said costs.

MARTIN, O'MALLEY and UNTERMYER, JJ., concur; FINCH, P. J., and MERRELL, J., dissent and vote to reverse and deny the motion.

FINCH, P. J. (dissenting). The counterclaim was properly interposed. The Civil Practice Act (§ 266) defines a counterclaim except as otherwise provided by statute. The statute in this instance is article 6-A of the Debtor and Creditor Law which covers specifically the so-called equitable counterclaim existing here. The plaintiff is seeking moneys of the corporation alleged to have been paid without consideration to defendant, appellant, and hence recoverable in a count for moneys had and received to the use of the corporation. As against the defendants as corporate officers,

the action is for misfeasance, but as against the New Castle Leather Co., Inc., defendant, appellant, who received the moneys without consideration, the action constitutes a debt. The moneys owed said defendant, appellant, for goods sold and delivered also constitute a debt, and hence may be offset pursuant to section 151 of the Debtor and Creditor Law.

It follows that the order appealed from should be reversed and the motion to strike out the counterclaim denied.

MERRELL, J., concurs.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendant, appellant, to serve an amended answer within ten days from service of order upon payment of said costs.