JOSEPH WALKER, Respondent, *v.* BROWNSVILLE-SOUTH REALTY COMPANY, Appellant, Impleaded with ANNA PADOVAN and Others, Defendants.

Third Department, November 2, 1934.

*Meyer Kraushaar*, for the appellant.

*Nathan M. Medwin* [*Henry Weiss* of counsel], for the respondent.

RHODES, J. Appellant was the owner of certain premises in Greene county which were covered by a mortgage held by the plaintiff. A portion of said land was acquired for highway purposes by a condemnation proceeding, and an award to the owner in such proceeding was confirmed and the amount thereof directed to be

paid to said defendant by an order of the County Court of Greene county in January, 1934. Thereafter plaintiff commenced an action for the foreclosure of his said mortgage, making the owner and the county of Greene defendants. No mention is made in the complaint of the said condemnation proceeding or of the award made therein, but it contains the usual allegation that the defendants have or claim to have some interest or lien in the mortgaged premises which accrued subsequent to the lien of said mortgage.

By notice of motion directed to the defendant owner, the county of Greene and the treasurer of said county, plaintiff moved before the Special Term of Albany county, upon affidavits, for the appointment of a referee to compute the amount due on the bond and mortgage and for an order directing the treasurer of the county of Greene to pay plaintiff the amount of said award in the condemnation proceeding, the affidavits in support of said motion reciting the making of the award and the order of the County Court directing the payment to the defendant. Upon said motion the order herein appealed from was granted, which in effect directed the county treasurer of Greene county to pay the amount of said award to the plaintiff.

The appellant now urges that the order was prematurely made; that the plaintiff has only an equitable lien upon the award; that the portion of the mortgaged premises remaining should first be sold and that the funds representing said award may be applied only in case of a deficiency remaining after such sale. These objections are valid.

It will be noted that the title to the property condemned had been severed from the remainder of the mortgaged premises and had vested in the sovereign before the commencement of the foreclosure action. All pre-existing titles and interest in and to the land taken thereupon became extinguished and the award of the commissioners stands as a substitute therefor. Such parcel having been acquired by the sovereign, it could no longer be sold under the mortgage and a purchaser upon a mortgage foreclosure sale would acquire no title thereto. Upon principles of equity, the remainder of the mortgaged premises must first be sold to realize and pay the mortgage indebtedness before the award in condemnation may be resorted to for that purpose. (*Home Insurance Co.* v. *Smith*, 28 Hun, 296; *Bank of Auburn* v. *Roberts*, 44 N. Y. 192; *Hill* v. *Wine*, 35 App. Div. 520; *Woolf* v. *Leicester Realty Co.*, 134 id. 484.)

It is true there have been numerous cases under the various condemnation statutes where a mortgagee's interest has been apportioned in the condemnation proceeding and the award to

the extent of that interest has been made payable directly to the mortgagee. (See *Youngs* v. *Stoddard*, 27 App. Div. 162, and cases therein cited; *Matter of City of New York* [*East River Park*], 184 id. 509; *Coutant* v. *Catlin*, 2 Sandf. Ch. 485.) Likewise there are many cases where after an award in such a proceeding an action in equity has been brought to determine the equitable rights of claimants to the fund. (*Spears* v. *Mayor, etc., City of N. Y.*, 87 N. Y. 359; *Hatch* v. *Mayor, etc., City of N. Y.*, 82 id. 436; *Cassidy* v. *Mayor, etc., of New York*, 62 Hun, 358; *Barnes* v. *Mayor*, 27 id. 236; *Astor* v. *Miller*, 2 Paige Ch. 68; *Astor* v. *Hoyt*, 5 Wend. 603.) Such is not the case here. The plaintiff is prosecuting an action to foreclose his mortgage. His right in this action to reach the damages awarded in condemnation is contingent upon whether any deficiency arises after the sale of the remainder of the mortgaged premises.

The order should be reversed on the law, with ten dollars costs and disbursements on the appeal, and the motion denied, with ten dollars costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.