In the Matter of the General Assignment for the Benefit of Creditors of MARGOLIS & MEADOW to NEW YORK CREDIT MEN'S ASSOCIATION, Assignee.

MANUFACTURERS TRUST COMPANY, Creditor, Appellant; NEW YORK CREDIT MEN'S ASSOCIATION, Assignee, Respondent.

First Department, November 19, 1937.

*Henry Landau* of counsel [*Leonard G. Bisco* with him on the brief; *Newman & Bisco*, attorneys], for the appellant.

*Joseph H. Kutner* of counsel [*Edward Fillmore*, attorney], for the respondent.

CALLAHAN, J.   The sum which appellant sought to reach was the proceeds of a bank account of the assignor.   The bank had previously paid it to the assignee on demand.

At the time of the assignment the bank was the holder of an unmatured trade acceptance for $1,422.50, which it had discounted, and on which the assignor was liable.   When the deposit was paid to the assignee, the bank overlooked the assignor's liability on the trade acceptance.

The bank claims it had the right to set off the bank balance against the trade acceptance, pursuant to section 151 of the Debtor and Creditor Law.

The relevant portions of the statute provide:

" § 151.   Right of set off against unmatured debts.   Every debtor shall have the right upon   *   *   *   the making of an assignment for the benefit of creditors by   *   *   *   a creditor to set off and apply against any indebtedness, whether matured or unmatured, of such creditor to such debtor, any amount owing from such debtor to such creditor."

The statute seems applicable here.

The present situation is distinguishable from that which existed in *Fistere* v. *Janapoll* (241 App. Div. 353).   There it was held that a sum due for goods sold and delivered might not be set off in an action brought by an assignee for the benefit of creditors.   The assignor in that case was a corporation and the assignee was bringing suit against directors for diversion of assets and to compel restitution of certain payments as preferential, in violation of the rights of creditors.   One of the defendants, who was joined because it was alleged to have received the preferential payments, attempted to assert a setoff for goods sold.   This court held that under such circumstances no setoff could be allowed, for to do so would ratify the diversion.   It said that section 151 of the Debtor and Creditor Law did not apply, because the claim for diversion was not one based on an " indebtedness " within the meaning of the section.

Here the trade acceptance was clearly an unmatured indebtedness.

In *Norwich Pharmacal Co.* v. *Barrett* (205 App. Div. 749) the word " debt," as found in another statute, was defined in the following language: " We think the idea of a debt is that it is founded on a contract, express or implied, to pay money in a certain sum, or which can readily be reduced to a certainty as distinguished

from a claim for damages arising out of a breach of contract or the violation of some duty."

The definition illustrates the difference between the claim asserted in *Fistere* v. *Janapoll* (*supra*) and that asserted here. There the claim was for breach of a duty. Here it is for a certain sum, founded on an express contract.

The assignee claims that if there was any mistake it was a mistake of law. It is unnecessary to determine whether the present payment was made under a mistake of fact or of law. The money was paid to a public officer. An assignee for the benefit of creditors is deemed to be such an officer, at least to the extent that, in the administration of the estate, he is subject to the directions of the Supreme Court. (*Matter of Sheldon*, 173 N. Y. 287.) Under such circumstances, the court may summarily direct the return of the deposit, even though paid under a mistake of law. (*Gillig* v. *Grant*, 23 App. Div. 596.)

There is no claim in the present case that there has been any distribution of the assigned estate, or that the assignee will be embarrassed if directed to repay the money.

The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.