FELIX A. MULDOON and Others, etc., Plaintiffs, *v.* MID-BRONX HOLDING CORPORATION, Defendant.

Supreme Court, Special Term. Bronx County, January 8, 1941.

*Smith, Chambers & Clare* [*Walter E. Warner, Jr.,* of counsel], for the plaintiffs.

*Kadel, Sheils & Weiss* [*Emanuel E. Weisberg* of counsel], for the defendant.

HOFSTADTER, J. The plaintiffs may not move for summary judgment in an action for a declaratory judgment as such action is not one enumerated in rule 113 of the Rules of Civil Practice.

(*Lederer* v. *Wise Shoe Company*, 276 N. Y. 459.) While the plaintiffs may move for summary relief on the counterclaim of the defendant also for a declaratory judgment, they have not done so on this application. However, there is no substantial dispute of fact raised by the pleadings and the court may rule on the motion and cross-motion (without regard to the moving affidavits) for judgment on the pleadings under rule 112.

The essential facts are not in dispute. The plaintiffs, as trustees under a plan of reorganization, are the holders of a bond and mortgage on premises owned by the defendant Mid-Bronx Holding Corporation. Under an extension agreement, the rate of interest was fixed at five and one-quarter per cent per annum. By May 1, 1939, the principal amount due under the bond and mortgage had been reduced to $97,644.28, with all interest paid to date.

Pursuant to a decree previously entered, the city of New York, in a condemnation proceeding took title to a portion of the mortgaged premises on May 1, 1939. On January 15, 1940, damages in the sum of $81,089.91 were awarded. The plaintiffs appeared in the proceedings and obtained an order directing the payment to them of the award and interest on account of the greater sum due on the outstanding mortgage. On June 7, 1940, the plaintiffs received from the city of New York the entire award and interest thereon.

The controversy between the parties relates to the balance claimed to be due under the mortgage.

The plaintiffs take the position that the defendant is obligated to pay the interest rate provided in the extension agreement (five and one-quarter per cent) until June 3, 1940, the date when the plaintiffs were in a position to obtain payment of the entire award and interest thereon from the city of New York. As of that date the defendant should be credited with the amount thus received in reduction of the principal amount due on the bond and mortgage with accrued interest at five and one-quarter per cent.

The defendant contends, on the other hand, that as of May 1, 1939, the date title to the part of the premises condemned vested in the city of New York, the entire mortgage was reduced in the amount of the award. Thereafter it was obligated to pay five and one-quarter per cent on the balance remaining, and that as to the amount covered by the award, the plaintiffs are entitled only to the statutory rate of interest paid by the city of New York.

No case precisely in point has been submitted to the court. It is clear that if the *entire* premises were condemned, then the award is substituted for the property as of the date of taking and the lien of the mortgagee attaches to the award. " All persons

having an interest in the property, including mortgagees who assert their rights in the condemnation proceeding, have the value of their claim fixed as of the time of the taking." (*Irving Trust Company* v. *Hughes*, 239 App. Div. 74.) After the date of taking the rate of interest payable is the legal rate paid by the city and not the rate stated in the bond and mortgage. (*Matter of City of New York* [*Chrystie St.*], 239 App. Div. 314.)

Under section B15–37.0 of the Administrative Code of the City of New York all titles to real estate are wiped out by condemnation and the award becomes personal property. Thus the mortgagee loses his lien upon the property taken and acquires in its place the right to utilize the award to satisfy the mortgaged debt. The courts have stated this to be the law even though only a portion of the premises has been taken for public use. (*Matter of City of New York* [*East 29th St.*], 247 App. Div. 648; *Matter of City of New York* [*Boscobel Ave.*], 242 id. 392.) The right of the mortgagee becomes vested as of the date of taking. (*Matter of City of New York* [*East 29th St.*], *supra*, p. 651.)

While it is well settled that where only a part of the mortgaged premises are taken the lien upon the rest of the property is not affected (*Walker* v. *Brownsville-South Realty Co.*, 242 App. Div. 273; *Hooker* v. *Martin*, 10 Hun, 302), yet the principles of law adverted to would seem to apply with equal cogency in a case where only a part of the premises is taken. In both situations as of the date of vesting of title, the mortgagee receives from the city (and not the owner) the legal rate of interest on the award. The mortgage is *pro tanto* reduced and the owner retains only the obligation to pay the mortgage rate of interest on the reduced amount.

The defendant is entitled to a credit of the amounts paid in excess of the sums herein found to be payable. (*Matter of Margolis & Meadow*, 252 App. Div. 513.)

The motion of the plaintiffs for judgment on the pleadings is denied and the cross-motion of the defendant is granted. Settle order accordingly.