Henry Clay Greenberg, J.
One of the plaintiffs is an attorney while the other is a printer which printed for the attorney the papers in an appeal and a brief in an action which the attorney was conducting for a client. They have both brought this action in which they ask for a declaratory judgment determining that the printing and delivery of the papers constituted the rendition of personal service and not the sale of tangible personal property and that the transaction is therefore not subject to the tax on the sale at retail of tangible personal property imposed by Local Law of the City of New *829 York No. 17 for the year 1946. The defendants have moved to dismiss the complaint on the ground that it does not state a cause of action and also for summary judgment, and the plaintiffs have also made a separate motion for summary judgment, and also for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.
The plaintiffs’ motion for judgment on the pleadings must he denied for the denials in the answer raising issues forbid judgment on the pleadings in the plaintiffs’ favor; nor may the plaintiffs move for summary judgment, since an action for a declaratory judgment is not one of the classes of action enumerated in subdivisions 1 through 8 of rule 113, in which a plaintiff is allowed to move for summary judgment. (Muldoon v. Mid-Bronx Holding Corp., 175 Misc. 700, affd. 262 App. Div. 734, affd. 287 N. Y. 227.)1 "Whether the provisions for summary judgment to the opposing party even in the absence of a cross motion are available to a plaintiff in an action not enumerated in subdivisions 1-through 8 need not be decided, for it is clear that the plaintiffs are not entitled to summary judgment.
In disposing of the defendants’ motion I disregard the contention that the plaintiff attorney has no standing because he was not a principal, but an agent for a disclosed principal, his client. I assume, too, that the plaintiffs have brought themselves within the exception permitting an action for a declaratory judgment, despite the exclusive remedies provision of the City Sales Tax Law, when the taxing statute by its own terms is inapplicable. (Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234, 239.) I prefer to dispose of the basic issue — the taxability as a sale at retail of tangible property of the printing-work— on the merits.
There has been an extensive examination before trial of the plaintiffs, and the minutes of the examination have been submitted in support of the defendants’ motion for summary judgment. It is clear on the entire record that the plaintiffs’ position that the supply of the printed matter was a personal service and not a sale of tangible personal property within the purview of the Sales Tax Law is completely untenable. The clear legislative purpose to subject such printing- work to the tax is persuasively shown by the 1942 amendment of the law (Local Laws, 1942, No. 26 of City of New York). By the 1946 amendment the scope of the law was extended to include as taxable the services of printing to a person who directly or *830 indirectly furnishes the paper. (Local Laws, 1946, No. 17 of City of New York, amdg. Administrative Code of City of New York, § N 41-1.0, subd. 7.) It is undisputed that the plaintiff printer furnished the paper. It is clear that, if a printing job in which the customer furnishes the paper is subject to the tax, one in which the printer himself furnishes the paper is equally so. The essential nature of the transaction is not changed merely because the work is done in accordance with rules and prescriptions made by the various courts to which the printed matter is submitted. Nor is the sale converted into a service by the contribution to the enterprise of the skill, intelligence and information necessary or desirable to the delivery of the finished product.
I hold that the papers and brief are “ corporeal personal property ” within the definition and intent of the law and that their sale is subject to the tax. (Pagano, Inc. v. City of New York, 295 N. Y. 784; Andersen v. City of New York, 295 N. Y. 782; Matter of Moody’s Investors’ Service v. McGoldrick, 280 N. Y. 581, affg. 254 App. Div. 726; People ex rel. Foremost Studio v. Graves, 246 App. Div. 130; People ex rel. Walker Engraving Corp. v. Graves, 268 N. Y. 648.)
The defendants’ motion for summary judgment dismissing the complaint is accordingly granted. Settle order.