■ M. F. HICKEY COMPANY, INC., Respondent, v. PORT OF NEW YORK AUTHORITY, Appellant.— Order and judgment (one paper) granting recovery of $5,248.76 against respondent Port of New York Authority in the amount of a judgment obtained by petitioner, a materialman, against one of the Authority's contractors, plus interest and costs, unanimously modified on the law by striking the direction that petitioner recover $5,248.76 and by substituting therefor a declaration that petitioner is entitled to recover the surplus, if any, of the fund withheld by the Authority under its contract with the contractor remaining after payment to all creditors entitled to payment from the withheld fund, with $50 costs to respondent-appellant. The Authority's contract with the judgment debtor-contractor permits the Authority to withhold such amounts as are necessary to pay just claims of third persons against the contractor arising out of the contract and "to apply such sums in such manner as the [Authority's] Chief Engineer may deem proper" to satisfy such claims. A money judgment can only be enforced against a property right to the extent

that the judgment debtor can assign or transfer it (CPLR 5201, subd. [b]). It follows that petitioner's right to enforce its judgment out of its debtor's right to payment from the Authority is limited by the Authority's contractual right to withhold payment from the contractor (*United States Fid. & Guar. Co.* v. *Triborough Bridge Auth.*, 297 N. Y. 31, 37; *Ætna Cas. & Sur. Co.* v. *United States*, 4 N Y 2d 639, 644). In all likelihood the allowable claims will greatly exceed the amount withheld, necessitating a prorata distribution, or other equitable distribution, of the entire fund, in accordance with the contract provision. The contractor does, however, have an interest, albeit a contingent one, in the withheld fund, and this interest will vest if any surplus remains after the payment of all just claims. In this connection it is accepted that the interest in the fund is not merely in a debt covered by CPLR 5201 (subd. [a]), in which event its contingency would bar a levy (6 Weinstein-Korn-Miller, par. 5201.07; see *Herrmann & Grace* v. *City of New York*, 130 App. Div. 531, 535, affd. 199 N. Y. 600). The fact that a judgment debtor's residuary interest may not have vested does not preclude enforcement against such an interest (CPLR 5201, subd. [b]). Consequently, petitioner is entitled to a declaration that it will be entitled to recover any such surplus as may remain. Concur — Botein, P. J., Breitel, Rabin, Steuer and Bastow, JJ.