■ PUBLISHERS DISTRIBUTING CORPORATION, Respondent, v INDEPENDENT NEWS CO., INC., Appellant, and ALLIED NEWS CO., INC., et al., Respondents.— Order and judgment (one paper) of Supreme Court, New York County, entered April 30, 1976, *inter alia,* directing respondent Independent News Co., Inc. (Independent), to transfer to the Sheriff of the City of New York the sum of $500,000 plus poundage and interest, pursuant to an order of attachment previously granted, or, alternatively, to pay such poundage and post a bond for the balance, unanimously modified, on the law, with $60 costs and disbursements to appellant, and the matter remanded for a hearing to determine whether there is any existing debt subject to attachment. By agreement dated April 4, 1975, Independent, a national distributor of magazines, tabloids and other publications, undertook to perform such

service for defendant Suburban Publishers Press, Inc. (Suburban), a publisher of two tabloid newspapers (tabloids). Consonant with the practice prevailing in this industry, said agreement provides, *inter alia,* for: delivery, by Suburban to the wholesalers, of the number of copies of the tabloids specified by Independent; notification by Suburban to Independent of the number of copies shipped; an advance payment, weekly, by Independent to Suburban of 40% of the gross billings expected if all distributed copies of the tabloids are sold; the assignment by Suburban to Independent of the right to bill and collect from the wholesalers; the amount of Independent's commissions; deduction by Independent, from any required prepayments or advances, of any overpayments or debit balances; full credit for unsold copies returned by the wholesalers; payment by Independent to Suburban of the balance due on each issue of the tabloids 90 days after the "off sales" date; and a denomination of the relationship between Suburban and Independent as that of creditor and debtor. In addition to providing for weekly advances, Independent also agreed to an initial advance of $406,000, representing gross billings for the March 23, March 30, April 6, April 13, and April 20, 1975, issues of the tabloids on Suburban's representation that it had distributed these issues itself. However, petitioner, a competitor of Independent, claims to have an overlapping agreement for the last four of these dates; and that it performed the distribution functions for those issues, with concomitant billing rights. Petitioner's assertions were then embodied in a lawsuit commenced against the three respondents herein, plus another individual, which alleged several causes including breach of contract, fraud and wrongful interference with a business relationship. Contemporaneously, petitioner obtained an order authorizing the attachment of any property or debt belonging to Suburban or codefendant Allied News Co., Inc., predicated on the averment that they were foreign corporations. Independent was served twice with the order of attachment, but responded each time that moneys were due it from Suburban, based on advances which exceeded by substantial amounts the net billings received, rather than the converse. The instant proceeding to compel payment was then instituted, pursuant to CPLR 6214 (subd [d]). The narrow question presented hereon is whether the contractually mandated weekly advance payments, concededly made by Independent despite a claimed debit balance, is an attachable "debt, which is past due or which is yet to become due, certainly or upon demand" (CPLR 5201; see, also, CPLR 6202). If the "duty to pay is conditioned on the creditor's future performance, or upon contractual contingencies, there is no debt certain to become due." *(Glassman v Hyder,* 23 NY2d 354, 358.) Moreover, petitioner's right to the attached property can be no greater than Suburban's. *(Hickey Co. v Port of N. Y. Auth.,* 23 AD2d 739.) Under the circumstances of this case, neither the fact that Independent paid the weekly advances, which it contends were voluntarily made without offset to assist Suburban, nor the fact that there was a 90-day "settlement" date is dispositive of the question of whether an attachable debt existed on the dates of the levies. In any event, the record before us does not permit a summary disposition of such issue. Even if Independent's claim for overadvances was unmatured on the dates notices of the order of attachment were served, it was entitled to a setoff. (Debtor and Creditor Law, § 151; cf. *Siegel v State of New York,* 262 App Div 388.) On the instant record we are unable to determine the validity or precise amount of Independent's claimed setoffs. Accordingly, we remand for a hearing to determine the same, at which the circumstances surrounding the initial $406,000 advance may also be inquired into and given closer judicial scrutiny. Since the order and judgment

(one paper), entered April 30, 1976, resettled and superseded the judgment previously entered on March 25, 1976, the appeal from said prior judgment is unanimously dismissed, without costs and without disbursements. Concur —Markewich, J. P., Murphy, Birns, Silverman and Capozzoli, JJ.