■ TOWN BOARD OF TOWN OF POUGHKEEPSIE, as Commissioners of the Arlington Sewer District, Appellant, v CONTI-

NENTAL INSURANCE COMPANY, Respondent. [623 NYS2d 894] —In an action, *inter alia,* for a judgment declaring that the defendant improperly disclaimed coverage under a policy of insurance issued to the plaintiff, the plaintiff appeals from an order and judgment (one paper), of the Supreme Court, Dutchess County (Jiudice, J.), dated October 13, 1993, which, upon granting the defendant's motion for summary judgment, is in favor of the defendant and against it dismissing the complaint.

Ordered that the order and judgment is modified, on the law, by adding thereto the following third decretal paragraph: "ORDERED, ADJUDGED, and DECREED that the defendant, Continental Insurance Company, properly disclaimed coverage under its comprehensive business property insurance policy issued to the Town of Poughkeepsie"; as so modified, the order and judgment is affirmed, with costs to the defendant.

On January 1, 1988, the defendant Continental Insurance Company (hereinafter Continental) issued a policy of comprehensive business property insurance to the Town of Poughkeepsie (hereinafter the Town) covering facilities and properties owned by the Town, including the Arlington Sewer District Water Treatment Facility (hereinafter the facility). On September 14, 1988, there was an explosion inside the incinerator unit of the facility. Following the explosion, the facility was immediately shut down, Town officials were notified, an investigation was conducted, and a decision was made to undertake temporary repairs in order to restart the facility. Thereafter various repairs were undertaken by both outside contractors and Town employees. On September 30, 1988, the facility was restarted; however, due to continuing safety concerns, the facility was permanently shut down approximately four weeks later. Throughout this period the Town never notified the defendant regarding any of these events. It was not until October 26, 1989, after a Town employee realized that no claim had been submitted in connection with the explosion, that Continental was formally notified in writing of the Town's claim. In December 1989, after procuring a "nonwaiver agreement", Continental conducted its own investigation of the facility. At that time, however, the incinerator unit was already in the process of being permanently dismantled by the Town.

Continental disclaimed coverage and the Town commenced an action, *inter alia,* for a judgment declaring that Continen-

tal improperly disclaimed coverage and was required to reimburse the Town for its loss. Thereafter the Supreme Court granted Continental's motion for summary judgment dismissing the complaint and this appeal ensued.

It is undisputed that Continental's policy of insurance required the Town to "give immediate written notice of * * * loss to the Company". It is well-settled law in this State that timely compliance with a written notice of loss requirement in a policy of property insurance constitutes a condition precedent to recovery under the policy (see, *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426). Here there was no such compliance. Moreover, where timely written notice of a claim has not been supplied, an insurer need not demonstrate that it has been prejudiced thereby in order to disclaim based upon the late notice (see, *Unigard Sec. Ins. Co. v North Riv. Ins. Co., supra; Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; Town of Smithtown v National Union Fire Ins. Co., supra; Reliance Ins. Co. v Garsart Bldg. Corp.*, 131 AD2d 828).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of Continental Insurance Company rather than dismissing the complaint (see, *Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901; *Vecchio v Griffin*, 143 AD2d 1003, 1004). O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.