■ SIGMOIL RESOURCES, N.V., Respondent, v PAN OCEAN OIL CORPORATION (NIGERIA) et al., Defendants. CONTINENTAL MERCHANT BANK, NIGERIA, et al., Intervenors-Appellants. [650 NYS2d 726] —Order of the Supreme Court, New York County (Alexander Delle Cese, J.H.O.), entered May 14, 1996, permitting plaintiff Sigmoil Resources, N.V. to attach funds held in an account maintained at Chase Manhattan Bank in New York and found to be the property of defendants Pan Ocean Oil Corporation (Nigeria) and Vittorio Lecca Ducagini Duca Di Guevara Suardo Fabbri and Nano Limited, unanimously reversed, on the law, without costs, and the attachment vacated.

In order to recover a debt owed by the individual defendant and corporations alleged to be controlled by him, plaintiff Sigmoil Resources, N.V. sought to attach funds transferred by Pan Ocean from its account at the Midland Bank, P.C.L., London, to an account at Chase Manhattan Bank, New York. Chase Manhattan thereupon credited these funds to the correspondent account of the beneficiary bank, Continental Merchant Bank, Nigeria. Upon confirmation from Chase Manhattan that the funds had been credited to its correspondent account, Continental credited the account of its Nigerian customer, Investment Portfolio Management Services (IPMS).

The nature of Pan Ocean's fund transfer is disputed by plaintiff and intervenors. Sigmoil contends that the funds were transferred to Chase Manhattan for the further credit of Pan Ocean. Intervenors assert that the funds were transferred in order to credit the account of IPMS at the beneficiary bank, Continental Merchant Bank, Nigeria.

Great care must be taken to avoid impeding the role of correspondent accounts in the facilitation of international transactions. "Domestic and foreign banks should not become embroiled in controversies surrounding underlying transactions of which they have no knowledge or connection * * * If New York permits correspondent bank accounts to be regularly subject to attachment after a credit has been made by a foreign bank to its local customers, the entire system of correspondent banking, in which New York banks play an important role, will be disrupted" (*Sidwell & Co. v Kamchatimpex*, 166 Misc 2d 639, 645).

Correspondent accounts are accounts in domestic banks held in the name of the foreign financial institutions. Typically, foreign banks are unable to maintain branch offices in the United States and therefore maintain an account at a United States bank to effect dollar transactions. Neither the originator who initiates payment nor the beneficiary who receives it holds title to the funds in the account at the correspondent bank.

A funds transfer is complete at the moment the receiving bank receives the credit message, not when the beneficiary acquires the funds (*Manufacturas Intl. v Manufacturers Hanover Trust Co.*, 792 F Supp 180, 187 [ED NY 1992]; *see also*, Uniform Commercial Code § 4-A-402; *Sheerbonnet, Ltd. v American Express Bank*, 1996 WL 221829 [US Dist Ct, SD NY, May 1, 1996, Preska, J.] [payment to beneficiary is completed at time of acceptance of funds transfer]). The funds in dispute were transferred from Pan Ocean's account at Midland Bank in London on July 22, 1994 to Continental's correspondent account at Chase Manhattan Bank in New York. Continental produced evidence that IPMS' account at Continental was credited on July 25, 1994. Thereafter, Pan Ocean retained no attachable ownership interest in the funds. Since Pan Ocean had no account at Chase Manhattan, there is no support for Supreme Court's determination that "Chase was merely an agent for collection of funds for credit of Pan [Ocean]." Pan Ocean could not transfer the funds to Continental's account with anticipation of retaining dominion and, therefore, the intent of Pan Ocean in making the funds transfer as such is immaterial.

Sigmoil did not file a Notice of Attachment until July 28, 1994. Since "[t]he plaintiff's right to attach a given item of property is only the same as the defendant's own interest in it" (*Sidwell & Co. v Kamchatimpex, supra*, at 644, citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5201:15, at 70; *Publishers Distrib. Corp. v Independent News Co.*, 55 AD2d 571, 572, citing *Hickey Co. v Port of N. Y. Auth.*, 23 AD2d 739), Sigmoil's attempt to attach the funds was ineffectual. To hold otherwise " ' "would be at the cost of diminution in confidence in the system of correspondent banking that is invaluable to international financial transactions" ' " (*Sidwell & Co. v Kamchatimpex, supra*, at 641). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.