■ In the Matter of LUIS DELEON, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and AETNA CASUALTY AND SURETY COMPANY et al., Respondents. [662 NYS2d 820] —In a proceeding, *inter alia*, pursuant to Insurance Law article 52 to determine the rights of the parties under certain insurance policies, Motor Vehicle Accident Indemnification Corporation appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated August 22, 1996, which determined that Aetna Casualty and Surety Company is not obligated to defend or indemnify Minorka Paredes with respect to an accident which occurred on May 23, 1992.

Ordered that the judgment is affirmed, with costs.

The uncontroverted evidence established that the insured, Minorka Paredes, never notified Aetna Casualty and Surety Company (hereinafter Aetna) of the accident which occurred on May 23, 1992, or that the injured party, Luis DeLeon, had commenced a lawsuit against her. Therefore, she failed to comply with the terms of the policy, which required her to promptly notify Aetna after the occurrence of the accident. Contrary to the contention of Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC), Paredes's failure to comply with the notice provision vitiated the insurance

contract, both as to Paredes as well as to DeLeon, and it was not necessary for Aetna to demonstrate prejudice as a result of the late notice (*see, White v City of New York*, 81 NY2d 955; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576).

In addition, DeLeon's notice to Aetna, almost three years after the accident, was untimely as a matter of law (*see, Eveready Ins. Co. v Chavis*, 150 AD2d 332) and neither DeLeon nor MVAIC offered any evidence of mitigating circumstances at the hearing to explain or excuse the delay. Consequently, the Supreme Court was correct in determining that Aetna was not required to defend or indemnify Paredes.

We decline to reach MVAIC's contention that it is not obligated to defend or indemnify Paredes on the ground that Aetna did not receive timely notice of the accident, as that contention is raised for the first time on appeal (*see, Matter of Allstate Ins. Co. v Bieder*, 212 AD2d 693). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.