■ In the Matter of NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, v STATE BANK OF LONG ISLAND et al., Respondents. [693 NYS2d 197] —In a turnover proceeding pursuant to CPLR 5225 and 5239, National Union Fire Insurance Company of Pittsburgh, Pa., appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Burke, J.), dated November 5, 1997, which, *inter alia,* found an assignment of certain lottery proceeds to be valid.

Ordered that the order is modified by deleting the provision thereof denying that branch of the petition which was to direct the State Bank of Long Island to turn over money received after 1996 pursuant to a security agreement entered into with Dorit Avni dated July 9, 1993 and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed insofar as appealed from, with costs to appellant and the matter is remitted to Supreme Court, Nassau County, for the entry of an appropriate judgment.

Contrary to the appellant's contention, the assignment of

certain lottery proceeds to the State Bank of Long Island was valid in that it was made pursuant to an "appropriate judicial order" (Tax Law § 1613 [a]; *see also, Matter of Guri,* 247 AD2d 388). However, the Supreme Court erred in denying that branch of the appellant's petition which was to direct the State Bank of Long Island to turn over money received after 1996 pursuant to a security agreement the bank entered into with Dorit Avni dated July 9, 1993, inasmuch as that agreement was beyond the purview of a "so ordered" stipulation dated August 12, 1992.

The parties' remaining contentions are without merit. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.