■ MIKE WALLACE, Appellant, v UNION BANK OF SWITZERLAND, Respondent, et al., Respondent. UBS AG., Third-Party Plaintiff-Respondent, v ARMOR HOLDINGS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [733 NYS2d 415] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 9, 2001, which, *inter alia*, granted respondent garnishee bank's motion for summary judgment dismissing the petition brought pursuant to CPLR article 52, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 1, 2000, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

In this proceeding brought by a judgment creditor against a bank garnishee seeking damages for violation of a restraining notice, the motion court correctly determined that the judgment debtor lacked an interest in the escrowed stock that the bank released and, therefore, the judgment creditor lacked an interest in such property (*Cascade Automatic Sprinkler Corp. v Chase Manhattan Bank*, 60 AD2d 901, 902; *see also, Sigmoil Resources v Pan Ocean Oil Corp.*, 234 AD2d 103, 105, *appeal dismissed* 89 NY2d 1030). Contrary to the judgment creditor's contention, the stock held by respondent bank did not represent consideration under the judgment debtor's asset purchase agreement, but rather, a fund for payment of claims in pending litigation that included causes of action for recovery in tort, injunctive relief and breach of a separate distributorship agreement. Concur—Nardelli, J. P., Williams, Ellerin, Friedman and Marlow, JJ.

■ PATRICIA BRUSCO, Respondent-Appellant, v JAMES GRAY, Appellant-Respondent, et al., Respondents. [733 NYS2d 356] —Order of the Appellate Term of the Supreme Court, First Department, entered on or about August 18, 2000, unanimously affirmed for the reasons stated by the Appellate Term, without costs or disbursements. No opinion. Concur—Rosenberger, J. P., Tom, Rubin, Buckley and Marlow, JJ.