■ In the Matter of FIRST CENTRAL INSURANCE COMPANY, Respondent. AURELLO MALAVE, Appellant. [771 NYS2d 141]—

In a liquidation proceeding pursuant to Insurance Law article 74, Aurello Malave appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated October 11, 2002, which granted the motion of the Superintendent of Insurance, as liquidator of First Central Insurance Company, to confirm the referee's report disallowing his claim and denied his cross motion to disaffirm the referee's report.

Ordered that the order is affirmed, with costs.

Aurello Malave, the claimant, challenges a notice of disclaimer of coverage sent by First Central Insurance Company (hereinafter FCIC) to, among others, its insured with a copy to him, who was the injured party, in accordance with Insurance Law § 3420 (d). FCIC first received notice of the accident approximately 4½ years after the alleged injury occurred, and approximately two years after the claimant commenced a personal injury action against the insured, in which the insured was declared in default. The notice of accident, sent by the insured's broker, was late as a matter of law (*see Deso v London & Lancashire Indem. Co. of Am.,* 3 NY2d 127, 130 [1957]; *Matter of DeLeon v Motor Veh. Acc. Indem. Corp.,* 243 AD2d 475, 476 [1997]; *Mount Vernon Fire Ins. Co. v Timm,* 237 AD2d 586, 587 [1997]; *Town Bd. of Town of Poughkeepsie v Continental Ins. Co.,* 213 AD2d 475, 477 [1995]; *Platsky v Government Empls. Ins. Co.,* 181 AD2d 764, 765 [1992]).

Contrary to the claimant's assertions, the notice the claimant provided to the insured's insurance broker was not notice to the insurer (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 442 n 3 [1972]; *Serravillo v Sterling Ins. Co.,* 261 AD2d 384, 385 [1999]; *Incorporated Vil. of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689 [1994]). The claimant did not exercise his right pursuant to Insurance Law § 3420 (a) (3) to provide independent notification to FCIC. Consequently, the disclaimer letter, which stated untimely notice by the insured as the ground for disclaimer, without any reference to untimely notice by the claimant, was proper (*see Travelers Indem. Co. v Worthy,* 281 AD2d 411, 412 [2001]; *Mount Vernon Fire Ins. Co. v Harris,* 193 F Supp 2d 674, 680 [2002]).

The claimant's remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.