In the Matter of NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent-Appellant, v STATE BANK OF LONG ISLAND, Appellant-Respondent. [774 NYS2d 363]—

In a turnover proceeding pursuant to CPLR 5225 and 5239, the State Bank of Long Island appeals from (1) an order of the Supreme Court, Nassau County (Peck, J.), entered September 20, 2002, which granted the motion of National Union Fire Insurance Company of Pittsburgh, Pa., to direct it to turn over certain proceeds in its possession in satisfaction of a judgment against Moshe Avni and Dorit Avni, and (2) a judgment of the same court entered January 21, 2003, which directed it to turn over to National Union Fire Insurance Company of Pittsburgh, Pa. all funds received by it pursuant to an assignment of Dorit Avni's lottery prize in an amount sufficient to satisfy a judgment of the Supreme Court, New York County, in an action entitled *National Union Fire Insurance Company of Pittsburg, Pa. v Avni,* entered December 5, 2001, under Index No. 126526/94, and National Union Fire Insurance Company of Pittsburgh,

Pa., cross-appeals from so much of the same judgment as failed to award it an attorney's fee.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent-appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In a prior appeal involving these parties, this Court determined that a security agreement entered into between Dorit Avni and the State Bank of Long Island (hereinafter the Bank) in 1993, in which she purportedly assigned a certain portion of her share of a lottery prize to the Bank, was beyond the purview of a valid assignment made in 1992 pursuant to an "appropriate judicial order" (*Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v State Bank of Long Is.,* 263 AD2d 490 [1999]). The Bank was directed to turn over money received after 1996 pursuant to the security agreement to satisfy judgments obtained against Avni by the National Union Fire Ins. Co. of Pittsburgh, Pa. (hereinafter National Union).

This appeal concerns a subsequent judgment obtained in 2001 by National Union against Avni. The Supreme Court properly granted National Union's motion and directed the Bank to turn over lottery proceeds received pursuant to the security agreement in an amount sufficient to satisfy the 2001 judgment. The Bank's contention that it is entitled pursuant to Debtor and Creditor Law § 151 to set off the lottery proceeds against a debt owed to it by Avni is without merit.

Generally, when an execution is issued against any property of a bank depositor, the bank has the right to set off and apply the funds in the depositor's account to a pre-existing debt owed to the bank (*see Aspen Indus. v Marine Midland Bank,* 52 NY2d 575 [1981]; 9 NY Jur 2d, Banks and Financial Institutions § 304). However, the right of setoff arises in instances where a depositor has a general account and the deposits are, in effect, loaned to the bank for use for its own profit until the depositor demands their return. Under those circumstances, the bank is considered the depositor's debtor. If the depositor defaults on a

loan made by the bank, it may apply an amount from the general account sufficient to satisfy the judgment, thereby extinguishing the mutual debts (*see Peoples Westchester Sav. Bank v Federal Deposit Ins. Co.,* 961 F2d 327 [1992]; *Swan Brewery Co. v U.S. Trust Co. of N.Y.,* 832 F Supp 714 [1993]; 2 Clark, The Law of Bank Deposits, Collections and Credit Cards, ¶ 18.01). Here, the record fails to establish the existence of such a general account or general deposits. Therefore, the right of setoff does not arise.

The Bank's claim based on equitable subrogation also is without merit, as the Bank did not use its own property to satisfy the judgments against Avni pursuant to the decision in the prior appeal (*see generally King v Pelkofski,* 20 NY2d 326, 333 [1967]). The Bank was directed to turn over to National Union Avni's share of the lottery proceeds which it obtained pursuant to the assignment.

National Union's contention that it was entitled to an attorney's fee based on the Bank's frivolous conduct in the Supreme Court proceeding is unpreserved for appellate review, as this issue was not raised in the Supreme Court (*see Matter of DeLeon v Motor Veh. Acc. Indem. Corp.,* 243 AD2d 475 [1997]). In any event, an award of an attorney's fee based on frivolous conduct is not warranted (*see* 22 NYCRR 130-1.1). Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.