Three orders, Supreme Court, New York County (Charles E. Ramos, J.), entered July 7, 2009, which, as corrected and memorialized in an order entered August 5, 2009, denied plaintiffs application for an order of attachment of defendant’s correspondent accounts located in New York and vacated a temporary restraining order (TRO) previously granted by the court, unanimously affirmed, with costs. The TRO, which was extended by order of this Court entered September 8, 2009, is vacated.
While plaintiffs evidence established a basis for quasi in rem jurisdiction, in that defendant, a Ukrainian bank, utilized its New York correspondent accounts to receive funds and make interest payments pursuant to the terms of the parties’ loan agreements and associated letters of credit (see generally Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65 [1984]), plaintiff failed in its burden to show the extent, if any, that defendant had an attachable ownership interest in the subject correspondent accounts (see e.g. Sigmoil Resources v Pan Ocean Oil Corp. [Nigeria], 234 AD2d 103 [1996], lv dismissed 89 NY2d 1030 [1997]). As such, the court properly exercised its discretion to deny plaintiffs attachment application (see J.V.W. Inv. Ltd. v Kelleher, 41 AD3d 233 [2007]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ.