OPINION OF THE COURT
Carolyn E. Demarest, J.
Defendant moves pursuant to CPLR 2221 to resettle, modify and clarify this court’s decision and order of September 14, 2012. Plaintiff opposes the motion and moves by order to show cause for an order directing the defendant to execute a satisfaction of judgment for attorney’s fees, awarded in this court’s September 14, 2012 order, or, alternatively, directing the clerk of the court to mark the judgment as satisfied.
Background
In this dissolution proceeding, plaintiff previously moved to vacate an arbitration award and defendant cross-moved to confirm the arbitration award in which, after conducting a hearing, the arbitrator determined, on February 14, 2012, that, pursuant to the shareholder agreement, plaintiff’s shares were valued at $639,000 and directed the parties to close on the defendant’s purchase of the plaintiffs shares within 15 days of the award. Pursuant to the shareholder’s agreement, defendant was directed to deliver to plaintiff $63,900 at the closing along with 120 signed negotiable promissory notes providing for payment of the balance of the purchase price over the course of 10 years (partial award). In his final award on May 7, 2012, based upon the terms of the shareholder’s agreement, the arbitrator directed plaintiff to pay defendant $152,310.23 for attorney’s fees and expenses, plus interest.
The parties closed on the sale of plaintiffs interest in S & N Chemical Co., Inc. and its related companies on June 4, 2012. *218 Defendant executed a single promissory note (note)[1] agreeing to pay Pisane $575,100, with 44/2% interest, in 120 consecutive monthly payments. A schedule of the payments is attached to the note indicating the amount of each monthly payment and what portion of the payment is attributed to principal and interest. This court confirmed the arbitration award by order of September 14, 2012 and, pursuant to the shareholder’s agreement, granted additional attorney’s fees to defendant for costs incurred in defending against plaintiffs motion to vacate and in obtaining confirmation of the award (Pisane v Feig, Sup Ct, Kings County, Sept. 14, 2012, Demarest, J., index No. 12246/11). The court directed defendant to submit an affirmation as to reasonable attorney’s fees and, in light of the buyout of the petitioner’s shares, the petition for dissolution was dismissed.[2]
On October 16, 2012, defendant entered a judgment of $158,633.36, with statutory interest from May 7, 2012, for the attorney’s fees awarded by the arbitrator and confirmed by this court (attorney’s fees judgment). On October 25, 2012, defendant served a restraining notice against the plaintiff.[3] On December 15, 2012, defendant’s counsel provided plaintiff’s counsel, Howard J. Schwartz, with a spreadsheet reflecting defendant’s proposal to credit each monthly payment on the note, beginning with the November 1, 2012 payment, against the attorney’s fees judgment, including calculations showing the accrual of interest, at the statutory interest rate of 9% for the 30 months before the attorney’s fees judgment would be satisfied.[4]
On December 19, plaintiff’s new counsel, Paul Hollender, informed defendant that
“based on Section 151 of New York Debtors and Creditors [sic] Law our client exercises his right to set off the judgment amount listed in the Restraining Notice dated October 25, 2012 . . . against your *219 client’s existing obligation based on the [note] .... “Accordingly, please notify us immediately upon receiving of this letter if your client wishes the balance of the [note] be spread for the remaining term of 10 years (see the payment spreadsheet attached . . .) or if he wishes to make his payment on the Note in the previously agreed amount for shorter time.”
Attached to this correspondence was a credit invoice, signed by plaintiff, that listed the following:
“This is a credit invoice for Steven Feig as creditor-debtor in the amount of $158,633.36
“This credit is offsetting [note] signed by Steven Feig in the amount of $575,100.00
“Balance due on Promissory Note— see payment schedule $416,466.64”
The proposed payment schedule, referred to in the correspondence, essentially subtracted the $158,633.36 attorney’s fee judgment from the initial principal on the note, $575,100, and reduced the monthly payments to be made over the 10-year period accordingly.
On January 3, 2013, plaintiff personally sent a letter to the defendant stating that the defendant was in default on the note (notice of default) as a result of having credited the note payments, as they came due, against the attorney’s fees judgment, in lieu of payment. By letter of January 11, 2013, defendant’s counsel claimed that his method of crediting payments was in compliance with Debtor and Creditor Law § 151, that plaintiffs proposal offered “two arbitrary setoff choices,” and requested legal authority in support of plaintiffs proposal. Counsel for the parties agreed to toll the notice of default, on the condition that it could be reinstated upon three days’ written notice, in order to try to reach an agreement. By email of January 23, 2013, Mr. Hollander notified defendant’s counsel that the tolling agreement on the notice of default was terminated, as of January 26, 2013, and that he was no longer representing plaintiff. On February 6, 2013, defendant filed the current motion and plaintiff moved by order to show cause on or about February 15, 2013. At oral argument, this court tolled the plaintiff’s notice of default pending this decision.
*220 Discussion
Plaintiffs argument, that defendant’s motion must be denied as it raises new legal issues and substantively changes this court’s prior order, is unavailing as plaintiff’s order to show cause, filed in opposition to the defendant’s motion, essentially seeks the same relief: both parties are requesting a determination as to the proper method for offsetting the attorney’s fees judgment against the defendant’s obligations under the note. While this specific issue was not raised in the motion to confirm the arbitration award, this court may clarify its prior order “so as to reflect the disposition more accurately” (Ross v Ross, 140 AD2d 683, 683-684 [2d Dept 1988] [internal quotation marks omitted]).
“The right of setoff (also called ‘offset’) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding ‘the absurdity of making A pay B when B owes A’ ” (Citizens Bank of Md. v Strumpf, 516 US 16, 18 [1995]). Under the common law, “relief in equity by setting off one judgment against another is granted, not of right, but in the exercise of discretion” (Beecher v Vogt Mfg. Co., 227 NY 468, 473 [1920]; see Alexander v Durkee, 112 NY 655, 656 [1889]). However, Debtor and Creditor Law § 151 provides statutory authority to a debtor/garnishee to set off its debt against even unmatured debts owed to it by a creditor.
“In short, [Debtor and Creditor Law § 151] confers upon a garnishee a right to set off any debt owed to it by a judgment debtor. This right of setoff, [the Court of Appeals has determined], is superior to the rights of intervening judgment creditors and may be exercised even after the judgment creditor has undertaken enforcement of his claim against the judgment debtor” (Aspen Indus. v Marine Midland Bank, 52 NY2d 575, 582 [1981]; see Matter of Trojan Hardware Co. v Bonacquisti Constr. Corp., 141 AD2d 278, 281 [3d Dept 1988]; Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v State Bank of Long Is., 6 AD3d 439, 440 [2d Dept 2004]).
“[The] legislative intent to permit a setoff by a garnishee any time after issuance of execution, and even at any time subsequent to levy by service of execution, is reflected in unequivocal terms in the language of section 151 of the Debtor and Creditor Law itself, for the statute expressly provides that the issuance of any execution against any property *221 of the judgment debtor shall not work to preclude the right of the garnishee to set off any amount owing from the judgment debtor to the garnishee” (Matter of Industrial Commr. of State of N.Y. v Five Corners Tavern, 47 NY2d 639, 646 [1979]).
While Debtor and Creditor Law § 151 has generally been applied where a bank which holds funds of a debtor (to whom it is thus itself a debtor) has been served with an enforcement device by a third-party creditor to its depositor but such debtor bank is also a creditor of its depositor by virtue of a loan made to that depositor (see Aspen Indus., 52 NY2d at 582; Trojan Hardware, 141 AD2d at 281; National Union, 6 AD3d at 440; Matter of West Harlem Pork Ctr. v Empire Natl. Bank, 60 AD2d 859 [2d Dept 1978]), the language of the statute is not so limited and both parties have accepted the applicability of Debtor and Creditor Law § 151.[5] In the circumstances here, no third party is involved, both parties are both debtor and creditor to each other, and the parties are attempting to set off a fully matured debt reflected in a judgment against an unmatured debt.
Debtor and Creditor Law § 151 (d) permits a debtor to elect to set off its debt against unmatured obligations owed to it by its creditor upon “the issuance of any execution against any of the property of a creditor.” As mutual matured debts could always be litigated under New York’s civil procedure rules, “it must be that the only purpose of [Debtor and Creditor Law § 151] was to allow debts to be set off even where they had not matured” (Fistere v Janapoll, 241 App Div 353, 354 [1st Dept 1934] [referencing section 266 of the Civil Practice Act which preceded CPLR 3019]; see Updike v Manufacturers Trust Co., 267 NY 528 [1935]). In this action, plaintiff was served with a restraining notice as a debtor to defendant with respect to the attorney’s fees judgment. Plaintiff, however, is also a creditor, and defendant, a debtor, with respect to the debt evidenced by the note. “An unmatured debt is generally evidenced by a contract and is a readily discernible amount which can be expected in the normal course of events to be due and owing in *222 the future, although the obligation has not yet ripened” (Trojan Hardware, 141 AD2d at 282, citing Matter of Margolis & Meadow [New York Credit Men’s Assn.], 252 App Div 513 [1st Dept 1937], and Publishers Distrib. Corp. v Independent News Co., 55 AD2d 571 [1st Dept 1976]). While the restraining notice is applicable to any property of plaintiff, among the assets of plaintiff is the right to collect from the defendant pursuant to the note, which represents an unmatured debt of the defendant because it provides for a payout over future time (see Trojan, 141 AD2d at 282; Matter of Margolis, 252 App Div at 514-515; Publishers Distrib. Corp., 55 AD2d at 572). Although the note obligation only “matures” gradually over time, it nonetheless represents a current debt, since the shares of stock, which are the consideration for the note, have been transferred to defendant’s ownership.
The issue presented for this court’s determination is whether the judgment for legal fees obtained by defendant against plaintiff can be satisfied by incremental application of the payments defendant owes to plaintiff under the note, as they become due, or whether plaintiff can set off defendant’s entire judgment against the principal of the indebtedness reflected in the note, thereby satisfying such obligation at once, and in advance of the payment obligations specified in the note and in the schedule annexed to the arbitration award.
Plaintiffs proposed method for setoff would modify the terms of the note by reducing the principal by the amount of the attorney’s fees judgment and recalculating the amount of each payment. This would allow plaintiff to continue to receive monthly payments from the defendant, uninterrupted, after a reduction in the note payments by approximately $1,900 each month. It would also permit the immediate satisfaction of plaintiffs debt to defendant and permit defendant to avoid interest payments on the entire principal of the note over 10 years. Plaintiff argues that this is an appropriate setoff as the note provides for the prepayment at the maker’s election, to be applied in “inverse order.” Defendant argues that this method is inequitable because the defendant currently owes his counsel the attorney’s fees incurred in enforcing the terms of the shareholder’s agreement and plaintiff’s method essentially permits plaintiff to pay off the judgment over the course of several years without incurring statutory interest on the judgment. Further, at oral argument defendant argued that the prepayment provision should not be used as a “sword” against the defendant by requiring the defendant to prepay the note.
*223 Defendant’s proposed method for setoff would allow defendant to credit payments he owes on the note, which include A[1]h% interest on the balance, as they become due each month, against the attorney’s fees judgment which would continue to accrue statutory interest on the balance until it is paid off. When the attorney’s fees judgment is paid off,[6] defendant would resume making payments to plaintiff as provided in the note. Defendant further proposes that, in the event that plaintiff satisfies the attorney’s fees judgment earlier, the defendant will then resume making payments to plaintiff consistent with the schedule attached to the note. At oral argument, plaintiff argued that this method is inequitable because the statutory interest that would accrue upon the unpaid portion of the judgment over the three-year payment period would be a windfall to the defendant and would deprive the plaintiff of monthly income that he needs to live as he is not working and there is a noncompete provision in effect.
As neither party has submitted legal precedent establishing a method for offsetting a specific judgment against an unmatured debt that requires payments over an extended period of time, and the court is not aware of any authority on an established method of making such calculation, this court finds that the plaintiffs method for calculating the setoff, effective December 19, 2012, upon issuance of the credit invoice to defendant, is the more equitable and appropriate formula pursuant to Debtor and Creditor Law § 151. The defendant received the shares of the corporation, and the benefits that derive from the ownership of those shares, when the note was executed. Defendant became indebted to the plaintiff for over $575,000 at that time. Although the debt was unmatured, plaintiff was entitled to set off the attorney’s fees judgment against that debt pursuant to Debtor and Creditor Law § 151. Furthermore, the shareholder’s agreement specifically contemplated regular monthly payments to the shareholder being bought out, which defendant’s method of setoff would eliminate, at least in the short term. As the note also provides for prepayment of the principal, the alteration of the payment schedule is not expressly prohibited by the terms of the note, as defendant argues. Moreover, under Debtor and Creditor Law § 151, the right to elect to *224 set off belongs to the debtor, which is the plaintiff in the immediate situation presented. While an irrational or inequitable proposal would not be endorsed by the court, some deference is to be accorded the debtor’s preference.
Although the defendant claims that plaintiffs set-off method is inequitable as it permits plaintiff to pay off the attorney’s fees judgment over the duration of the note, such contention is inaccurate as the judgment would be satisfied, even under defendant’s method, within three to four years. Moreover, the defendant actually benefits from plaintiffs method by not having to pay interest on the set-off amount. Further, this determination is consistent with the arbitrator’s decision to prohibit the defendant from offsetting the prospective attorney’s fees award against the initial down payment owed to the plaintiff at the closing of the note,[7] which would have deprived plaintiff of immediate compensation. As plaintiff notes, the noncompete provision prevents him from obtaining alternative employment, and he relies upon defendant’s monthly payments to support himself. This court finds the more equitable set-off procedure, consistent with the arbitrator’s intent, the shareholder’s agreement and Debtor and Creditor Law § 151, is that advocated by plaintiff.
Conclusion
Accordingly, the defendant’s motion is denied, and the plaintiffs motion by order to show cause is granted.
Specifically, defendant’s judgment for attorney’s fees in the sum of $158,635.36 (inclusive of interest from May 7, 2012), with additional statutory interest from October 16, 2012, to December 19, 2012 (the date of plaintiffs credit invoice), shall be deducted from the total balance remaining due on the note after deduction of the four payments made thereon for June through October, and any additional payments that might have *225 been made during the pendency of these motions.[8] A new payment schedule shall then be calculated upon that balance over the months remaining of the original 10-year period, unless the parties agree to a shorter period.
As plaintiff is correct, that the attorney’s fees judgment was satisfied upon his election to set off the judgment against the greater sum defendant owes under the note, plaintiff was, and is, entitled to a recordable satisfaction of this judgment (see CPLR 5020). Defendant is directed to immediately, within five days of service of this order, execute and file with the County Clerk, providing a copy to plaintiffs counsel, the satisfaction of judgment contained in plaintiffs order to show cause as exhibit G. Pursuant to CPLR 5020 (c), defendant is directed to pay to plaintiff, by separate check, the $100 penalty provided therein upon defendant’s failure to timely file a satisfaction piece (see Rosenberg v Erber, 283 AD2d 417, 418 [2d Dept 2001]).
Plaintiffs notice of default of January 3, 2013, is, however, rendered void by the moratorium initiated by the parties and continued by this court during the litigation of the instant dispute.
Defendant shall resume making monthly payments, consistent with the modified payment schedule, beginning with the payment due August 1, 2013, which, unless previously paid, shall include payments that became due between November 1, 2012, and July 31, 2013, together with the 2% late payment charge, as provided under the note.
Counsel are directed to seek any necessary further clarification by letter to the court, which will arrange for a conference call to address. No additional motions may be made without leave of the court.
Since the inability of both parties to resolve this problem amicably has required the court’s intervention, and both parties moved simultaneously for essentially the same relief, both parties have been “successful,” and both plaintiff’s and defendant’s motions for attorney’s fees are denied.

. The parties stipulated to enter into one promissory note instead of 120 separate notes.

. On February 15, 2013, this court issued an order awarding $19,567.39 as reasonable attorney’s fees and disbursements pursuant to the September 14, 2012 decision. The present motion and order to show cause were served and signed, respectively, prior to that order.

. Although a copy of the restraining notice was not included in the papers, its issuance is undisputed.

. Email correspondence indicated that the spreadsheet would be updated upon receipt of this court’s judgment as to the additional attorney’s fees that was still forthcoming.

. In recommending an amendment to Debtor and Creditor Law § 151 regarding the right of set off against unmatured debts, the 1952 Report of the New York Law Revision Commission specifically noted that the amendment was intended to protect the garnishee creditor (usually a bank) against the claims of a third-party levying judgment creditor (see 1952 Rep of NY Law Rev Commn at 365, 369-370; Industrial, 47 NY2d at 646). The situation at bar, in which only two parties are reciprocal debtors and creditors, was not specifically addressed.

. According to defendant’s calculation, the attorney’s fees judgment will be paid off in April of 2015. However, with the additional attorney’s fees awarded by the court after the motion was drafted, the attorney’s fees judgments will not be paid off until a later date.

. It is noted that, while the set-off issue was not raised in the motion to confirm the arbitration award, defendant’s counsel, in correspondence to the arbitrator on May 1, 2012, requested that the 10% down payment that defendant was required to pay plaintiff at the closing pursuant to the note and the arbitration award, be set off against the final attorney’s fees award. Although the arbitrator’s February 14, 2012 partial final award granted defendant attorney’s fees, the amount of the attorney’s fees award had not yet been determined at that time. By email dated May 6, 2012, the arbitrator declined defendant’s request and refused to order that the attorney’s fees award be used as a credit at the closing. On May 7, 2012, the arbitrator issued the attorney’s fees award. The closing upon the sale of the shares occurred on May 29, 2012.

. If plaintiff also seeks to set off the additional award of attorney’s fees in the sum of $19,567.39 in the court’s order of February 15, 2013, this sum, together with any accrued postjudgment interest, should also be deducted from the balance on the note prior to re-calculation of payments going forward. If plaintiff issued a second credit invoice for this judgment, interest would only apply during the period between entry of the judgment and the date of such credit invoice.