Benjamin Brenner, J.
The judgment creditor seeks relief against -a third party (mortgagee) pursuant to G-PLR 5222, 5225 and 5227 and the latter cross-moves pursuant to CPLR 5240 to vacate a restraining notice heretofore served upon him.
CPLR 5225 and 5227 are inapplicable as notice to the judgment debtor of the institution of the proceedings required by said provisions is lacking. Nor does CPLR 5222 authorize the court to “ declare that the Respondent (mortgagee) who admittedly has been receiving rent from the Judgment Debtor’s property, has * * * transferred said rent proceeds to the Respondent and his co-mortgagees in violation of the provisions of CPLR 5222.” Nowhere in CPLR 5222 is such relief provided for. It simply provides for the issuance of a restraining notice against the transfer of moneys or property in the possession of a third party belonging to or in which the judgment debtor has an interest. This section thus authorizes the restraining notice but does not provide for the consequences of a transfer in violation thereof. Still another section, CPLR 5251, not here invoked, does make the sanction of contempt available for failure to comply with such restraining notice if legally sufficient. It is even thought by commentators on the CPLR that a transfer in violation of such a legally sufficient restraining notice would be ineffective as to the judgment creditor and may give the latter the right to bring suit for damages against the person who violated the notice (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 52-306).
Aside from the procedural defects, the restraining notice is also legally insufficient. It is claimed that the mortgagee is actually in possession of property in which the judgment debtor has an interest (CPLR 5222, subd. [b]) but the rents which he has collected from the property owned by the judgment debtor *507 were received by him under the provisions of a mortgage agreement providing for the assignment of the rents in the event of default of payments thereunder. It is also to be noted that there was a formal assignment of rents which was executed following the execution of the mortgage agreement and that the judgment which is the basis of the restraining notice was entered more than a year thereafter (the restraining notice was served some two years after such execution of the mortgage and assignment of rents).
The mortgagee therefore contends that in exercising his rights under the mortgage, there was no transfer of the debtor’s property but rather a recognition of an ‘ ‘ heretofore existent right ’ ’ and that this would be true when such right is exercised even after a restraining order is served (Matter of Selonke, 49 N. Y. S. 2d 160). However, the judgment creditor suggests that the rents received by the mortgagee may exceed the payments required under the mortgage and that such excess moneys belong to the debtor which are accordingly subject to the restraining notice, and that the mortgagee should proceed to foreclose the mortgage so that it can be determined whether there are any excess moneys which may be applied to satisfy the judgment. The mortgagee’s answer is that all the rents collected during the period following the assignment of rents are insufficient for application to payments due under the mortgage and have in fact been applied to unpaid taxes, payment of prior mortgagees, and operating expenses. Indeed, while the mortgagee had instituted a foreclosure action, he has refrained from proceeding to judgment in the hope that the judgment debtor might yet sell the property, pay the mortgagees and still realize a surplus. Conceivably, if snch sale were to take place the judgment creditor might be in better position to satisfy his judgment than if foreclosure sale were had.
It is thus manifest that the third-party mortgagee has no property in which the judgment debtor presently has an interest, rendering the restraining notice legally insufficient. The petition is consequently dismissed, both on the merits and upon the stated procedural grounds. The cross motion to vacate the restraining notice is granted. The order to be entered shall provide that notice shall be given to the petitioner prior to foreclosure sale or when and if the mortgagee is first informed of a contract for the sale of the property.