■ HANSA OVERSEAS CORP., Respondent, v. WILHELM KRAWEHL, Doing Business as WILHELM KRAWEHL EXPORT, Appellant.— In this special proceeding, pursuant to CPLR 5239, judgment of the Supreme Court, New York County, entered on June 15, 1971, adjudicating title, as a matter of law, unanimously reversed, on the law, and vacated, and a hearing directed on the allegations set forth in the petition and cross-petition. Respondent-appellant shall recover of petitioner-respondent $50 costs and disbursements of this appeal. The appellant sold automotive paint to Hanseatic Supply Corporation. The sales agreement allegedly provided the title would remain in the appellant pending full payment. Payment was not made and the appellant sued Hanseatic as well as its president Peter Ahrens and its secretary Franz Zinssmeister and also a second corporation, White Wing Motors, Inc., with which these individuals were connected. Ahrens, Zinssmeister and White Wing Motors, Inc., had guaranteed Hanseatic's obligations to the appellant, and endorsed the notes in payment of the paint. Appellant recovered judgment against Hanseatic and White Wing by default and on October 1, 1970 in proceedings supplementary to that judgment a restraining notice was served on third parties in possession of the paint and of the accounts receivable arising therefrom. This proceeding was commenced to vacate the restraint, the petitioner claiming title to the paint and the accounts receivable. The record presents at least the following questions of fact: whether or not there was a conditional sales contract; whether the acquisition of the paint and the purported transfer by Zinssmeister to the petitioner were fraudulent; whether the petitioner-respondent Hansa Overseas Corporation has valid title. It might well be said the record discloses considerable evidence indicating title in respondent-appellant Krawehl. However, there are factual issues to be determined before the title may be determined as matter of law. Concur — Capozzoli, J. P., Markewich, Nunez, Murphy and McNally, JJ.

■ BLANCHE MILLER, Respondent, v. LEO R. MILLER, Appellant.— Order, Supreme Court, New York County, entered August 16, 1971, which granted plaintiff's motion for temporary alimony in the amount of $400 per week, and awarded her exclusive use and occupancy of the marital apartment, unanimously modified, on the law and the facts, to the extent of reducing the award of temporary alimony to $250 and striking that portion of the order which awarded plaintiff exclusive possession of the marital home, and, as so modified, the order is otherwise affirmed, without costs and without disbursements. On the present record the award for temporary alimony was excessive to the extent indicated. Furthermore, in the posture of this case, it was improper to award plaintiff exclusive possession of the marital home. Concur — McGivern, J. P., Kupferman, Murphy, Tilzer and Eager, JJ.