■ CASCADE AUTOMATIC SPRINKLER CORPORATION, Respondent, v CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Appellant.—In a special proceeding by a judgment creditor pursuant to CPLR 5225 to compel respondent to turn over proceeds belonging to the judgment debtor, the appeal is from an order of the Supreme Court, Westchester County, dated June 30, 1977, which denied appellant's motion to dismiss the petition. Order reversed, on the law, with $50 costs and disbursements, and petition dis-

missed, without prejudice to petitioner's rights in the pending foreclosure action involving the Sheraton-Eagle Bay Inn. Contrary to the findings at Special Term, we find ample support for the appellant's motion to dismiss. The appellant bank became the mortgagee in possession of a motel, the Sheraton-Eagle Bay Inn, following the default of its owner-mortgagor, Piping Rock Development Corp., in the payment of interest under prior recorded building loan mortgages. Each of those mortgages empowered the bank, upon default, to collect and receive "all earnings, revenues, rents, issues, profits and income" of the mortgaged property and to apply those sums, first to the payment of operating expenses, and second, in reduction of the outstanding mortgage indebtedness exceeding $6,900,000. In April, 1975, several months after the default of Piping Rock, Chase exercised those rights. On February 20, 1976 petitioner-respondent obtained a judgment in the amount of $6,132.37 against Piping Rock in the County Court, Westchester County, and thereafter served the bank, as mortgagee in possession, with a restraining notice under CPLR 5222, which stated that the bank owed "a debt to the judgment debtor" (Piping Rock) or was "in possession or in custody of property in which" Piping Rock had an "interest". The "property" designated in the restraining notice was the "Cash receipts" from operation of motel known as Sheraton-Eagle Bay Inn. On April 9, 1976 the bank assigned its entire mortgage interest in the motel to Eagle Bay Hotel, Inc., the bank's wholly owned subsidiary, which succeeded to its rights as mortgagee in possession at that time. Eagle Bay Hotel, Inc., commenced a foreclosure action against the motel on November 12, 1976 and petitioner was named as a defendant judgment creditor. On December 9, 1976 petitioner commenced this special proceeding for an immediate accounting of all the "cash receipts" and for judgment against the bank in the amount of $6,132.37, representing the amount of its judgment. The appellant bank moved to dismiss on the grounds that, as a matter of law, it at no time had any property of petitioner's judgment debtor which could be the subject of a restraining notice and that petitioner was not entitled to an accounting in this special proceeding. We agree. CPLR 5222 (subd [b]) provides, in pertinent part: "A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service * * * he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice * * * that the judgment debtor has an interest in specified property in the possession or custody of the person served." The cash receipts of the motel collected by the bank while mortgagee in possession was not property in which Piping Rock, as judgment debtor had any "interest" within the meaning of CPLR 5222. The judgment debtor's interest in property subject to a CPLR 5222 restraining notice must be direct, and any rights which a judgment creditor enjoys in the property are exclusively derived from the rights of the judgment debtor. Moreover, the cash receipts generated by the Sheraton-Eagle Bay Inn during the appellant bank's tenure as mortgagee in possession and thereafter have been insufficient to cover its operating expenses and have never been sufficient to reduce the outstanding principal indebtedness ($6.9 million) or accrued interest thereon due under the recorded building loan mortgages. Petitioner concedes that the bank's rights remain paramount until the indebtedness is discharged in its entirety. In April, 1975 Chase perfected the assignment from Piping Rock which permitted collection of the cash receipts of the property and application of those moneys to operating expenses and the outstanding mortgage indebtedness. In exercising those rights there was no transfer of a

debtor's property; rather, it represented an exercise of an "heretofore existent right." This is true when such a right is exercised even after a restraining order is served *(Matter of Selonke,* 49 NYS2d 160). Clearly, the terms of the mortgage placed these funds outside the reach of the mortgagor and the mortgagor's judgment creditor and, accordingly, outside the reach of a judgment creditor's CPLR 5222 restraining notice (see *Matter of Tagg Designs v Grant,* 46 Misc 2d 505). Thus, by virtue of its express consent given in the recorded building loan mortgages, Piping Rock has relinquished all possessory rights in the mortgaged property, and the rents and incomes therefrom, until such time as the default under the mortgages and underlying notes is cured or the application of rents and revenues in reduction of the mortgage indebtedness, after payment of operating expenses, extinguishes the mortgage debt. In the ordinary course, the pending foreclosure action against that property will determine the rights of all parties to the proceeds of the sale of the property and to any income from the property during the time the bank and its successor were mortgagees in possession. Mollen, P. J., Titone, Suozzi and Rabin, JJ., concur.