■ 1420 ASSOCIATES, INC., Plaintiff, v MODERN LANDFILL AND RECYCLING, a Waste Management Co., Defendant, and BROAD NATIONAL BANK, Defendant and Third-Party Plaintiff-Appellant. NESTOR ALZEREZ, JR., et al., Third-Party Defendants; RIDGEWAY FOOD CORP., Intervenor-Respondent. [682 NYS2d 883] —In an action to recover on a judgment of the Superior Court of New Jersey, County of Essex, entered August 6, 1993, which was filed with the clerk of the Supreme Court, Westchester County, pursuant to CPLR article 54, the defendant third-party plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 15, 1998, which granted the motion of the intervenor, Ridgeway Food Corp., to vacate a restraining notice which had been issued pursuant to CPLR 5222.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the matter is remitted for further proceedings in accordance herewith.

In November 1995 a judgment previously obtained in New

Jersey in favor of, among others, the defendant Broad National Bank (hereinafter Broad National) and against, among others, the third party defendants Nestor Alzerez, Jr., and Ridgeway Foods, Inc., was entered in the Supreme Court in Westchester County. In January 1998 Broad National served a restraining notice pursuant to CPLR 5222 upon nonparty Chase Manhattan Bank (hereinafter Chase). Broad National asserted that an account at Chase held property in which one or more of the judgment debtors had an interest.

By order to show cause dated March 23, 1998, the intervenor-respondent, Ridgeway Food Corp., sought to vacate the restraining notice. Ridgeway Food Corp. asserted that it was the owner of the subject Chase account and was an entity separate and distinct from the judgment debtor Ridgeway Foods, Inc. In the order appealed from, the court granted the motion. We now reverse.

In addition to the named corporate judgment debtor, the third-party defendant Nestor Alzerez, Jr., was named as a judgment debtor on the restraining notice. Here, the record indicates that, although Ridgeway Food Corp. was apparently dissolved in 1996, Alzerez continued to use the corporate name and continued to use the subject account to pay, *inter alia*, admitted personal expenses. Accordingly, the matter is remitted for a hearing to determine whether Alzerez has an "interest" in the account within the meaning of CPLR article 52 (*see, Ray v Jama Prods.*, 74 AD2d 845; *Cascade Automatic Sprinkler Corp. v Chase Manhattan Bank*, 60 AD2d 901; *Franklin Natl. Bank v Baron*, 37 AD2d 566; *Hansa Overseas Corp. v Krawehl*, 37 AD2d 928). Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.