■ COUNTIES OF WARREN AND WASHINGTON INDUSTRIAL DEVELOPMENT AGENCY, Appellant-Respondent, v ADIRONDACK RESOURCE RECOVERY ASSOCIATES et al., Respondents-Appellants. [726 NYS2d 478] —Mugglin, J. (1) Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered May 19, 2000 in Washington County, which, *inter alia*, partially granted defendants' motion for partial summary judgment dismissing

the complaint, and (2) cross appeals from an order of said court, entered September 15, 2000 in Washington County, which, upon reconsideration, adhered to its prior decision partially granting defendants' motion for partial summary judgment.

To solve the solid waste disposal problems of Washington County and Warren County (hereinafter the Counties), plaintiff entered into a series of contracts (hereinafter the Project Contracts) with defendant Adirondack Resource Recovery Associates (hereinafter ARRA) to design, construct, operate and ultimately own a resource recovery facility using waste-to-energy technology. To finance the facility, plaintiff issued industrial development revenue bonds in the total principal amount of $86,780,000, which expressly provide that the bonds do not constitute a debt or obligation of the State or the Counties. The Bank of New York, which provided the construction capital, serves as trustee for the bondholders and plaintiff is obligated to repay the bonds from income generated from waste disposal fees and electricity sales. The Project Contracts require Washington County to transfer all of its waste and that of Warren County to the facility and to pay a fee for the waste disposal services. Further, the Project Contracts require plaintiff to transfer ownership of the facility to ARRA upon repayment of the bond debt and completion of ARRA's equity payments, both of which are to occur in 2012.

In the present litigation, plaintiff asserts six separate causes of action seeking declaratory relief and money damages in the form of reimbursement allegedly owed by ARRA. Specifically, the second cause of action seeks a declaration that ARRA is not entitled to be reimbursed for the deductible associated with a property damage insurance claim. The fourth cause of action seeks reimbursement of legal costs incurred in connection with certain litigation to which plaintiff was a party, and the sixth cause of action seeks a declaration that the cost of new equipment, the installation of which was required as a result of changes in environmental laws, must be allocated between ARRA and plaintiff. By preanswer motion pursuant to CPLR 3211 (a), defendants sought dismissal of the second, fourth and sixth causes of action.[1] Plaintiff opposed the motion and cross-moved for summary judgment on the second and fourth causes of action and for the scheduling of a hearing on the sixth cause of action to determine the proper allocation of costs of new capital improvements necessitated by changes in the law. Further, plaintiff sought leave to amend its complaint to name the Counties as parties to this action.

1. By consent of the parties, all motions were considered as seeking summary judgment.

Supreme Court dismissed the second cause of action on the ground that ARRA, under the Project Contracts, was allowed to recoup as a "pass through" expense from plaintiff the amount of the deductible associated with the property damage insurance claim. The court also dismissed the sixth cause of action as not ripe for adjudication, deferring any determination of the obligations of the parties until transfer of the facility from plaintiff to ARRA in 2012. Supreme Court ruled that any current determination would be unreasonably speculative since future amendments to governing environmental laws prior to 2012 might render the improvements obsolete. The court also held that dismissal of the sixth cause of action rendered plaintiff's motion to amend the complaint moot. Plaintiff then sought renewal and/or reargument of its cross motion. Upon reconsideration, Supreme Court reaffirmed the prior decision regarding the second and sixth causes of action. Plaintiff now appeals from both orders and defendants cross-appeal from the second order only with respect to that portion regarding the sixth cause of action which may require defendants to reimburse plaintiff in 2012 for defendants' proportionate share of the improvement costs necessitated by changes in governing environmental laws.

We turn first to a consideration of the second cause of action. Certain structural steel support beams under the tipping floor were damaged. ARRA replaced them at a cost of $143,856. The facility's insurer paid the entire claim, less the $50,000 deductible as provided in the policy, and ARRA sought reimbursement of the $50,000 from plaintiff. Plaintiff, contending that ARRA's negligence in allowing excessive amounts of solid waste to be dumped on the tipping floor had caused the damage, sought a judicial declaration that it need not reimburse ARRA. As relevant herein, section 3.02 of the amended service agreement between plaintiff and ARRA provides that initially ARRA is to make all necessary repairs and pay all maintenance and operating costs. The operating and maintenance costs are a component of the disposal fee which is passed through to plaintiff by ARRA. Included therein are "insurance premiums and any deductible amounts." We agree with Supreme Court that such deductible amounts may properly be passed through by ARRA to plaintiff as part of the operating and maintenance costs. The terms of sections 8.01 and 9.01 (vi) of the amended service agreement unambiguously support this conclusion. Moreover, no contractual provision conditions ARRA's right to recover such deductibles on its being free from negligence, thus making plaintiff's argument meritless in this respect.

We next turn to the sixth cause of action, in which plaintiff

seeks apportionment between it and ARRA of certain new capital improvements required by changes in governing environmental laws. In December 2000, as a result of amendments to the Federal Clean Air Act (42 USC § 7401 *et seq.*), ARRA was required to install an activated carbon injection system and improved combustion controls costing, in the aggregate, $1,139,000. Plaintiff contends that since these improvements have a projected useful life of between 20 to 25 years, and since the facility will be transferred to ARRA in 2012, if plaintiff pays the total cost of these improvements, an unconstitutional gift of money will occur because the value remaining to these improvements in 2012 and thereafter will benefit only ARRA, a private corporation. Thus, plaintiff concludes that there is a present justiciable controversy requiring the court to apportion ARRA's share of the cost of these improvements.

Plaintiff's argument is without merit for two reasons. First, the plain language of section 5.01 of the amended service agreement clearly and unambiguously requires plaintiff to finance any change required by an "uncontrollable circumstance."[2] In our view, to sustain plaintiff's argument, we would have to impermissibly add a provision to the contract which would allow allocation of these costs between plaintiff and ARRA. We perceive no compelling reason to do so (*cf., Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47).

Second, there is no merit to plaintiff's argument that an unconstitutional gift of public funds will result. Plaintiff's argument is premised on NY Constitution, article 8, § 1, which provides that "[n]o county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association or private undertaking." Plaintiff was created pursuant to General Municipal Law § 890-c as a public benefit corporation and has a separate legal identity from the municipalities that it serves (*see,* General Municipal Law § 856 [2]). Its obligations are not the obligations of the State, the Counties or any other political subdivision. We have previously examined this issue and determined that the financing arrangements herein do not violate any constitutional provision (*see, Matter of Schulz v State of New York*, 198 AD2d 554, 556-557, *lv denied* 83 NY2d 756). Consequently, there is no merit to plaintiff's current contention that the contractual provision requiring it to finance

---

**2.** The parties concur that changes to the governing environmental laws which necessitate modifications to the facility are uncontrollable circumstances.

the total cost of such retrofitted equipment violates any constitutional principle or public policy. Accordingly, Supreme Court should have dismissed the sixth cause of action on the merits.

Plaintiff's remaining arguments have been examined and found to be lacking in merit.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.