■ In the Matter of ERMA BURNETT, Appellant, v JAMES PAUL, Respondent. [859 NYS2d 680]—

In a proceeding, inter alia, pursuant to CPLR 2308 (b) to compel compliance with a nonjudicial subpoena, the petitioner appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 13, 2007, as denied that branch of her petition which was pursuant to CPLR 2308 (b) to compel compliance with the nonjudicial subpoena, and (2) from an order of the same court entered June 22, 2007, which denied her motion for leave to reargue and renew.

Ordered that the order entered April 13, 2007 is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the petition which was pursuant to CPLR 2308 (b) to compel the compliance with the nonjudicial subpoena is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the order entered June 22, 2007 is dismissed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

On March 23, 2005 the petitioner allegedly sustained personal injuries when she tripped and fell on a "depression created by a pavement cut" located on a roadway in the Town of Hempstead, Nassau County. After service of a notice of claim upon the Town, the respondent, who is an employee of "Claims Service Bureau," the "Third Party Administrator for the Town," forwarded a letter to the petitioner's attorney, stating, inter alia, that "[t]he Town's records" showed that "Cablevision did, in fact, cut the area a number of years ago with a rockwheel saw and did the repair and replacement of the covering roadway."

Thereafter, the petitioner commenced an action to recover damages for personal injuries against the Town and Cablevision System Long Island Corporation (hereinafter Cablevision). At depositions, the witness who testified on behalf of the Town stated that no records were uncovered regarding the creation of the defect. Similarly, the witness who testified on behalf of Cablevision stated that he was not aware of any records relating to the alleged defect.

In light of the testimony presented by the Town and Cablevision, the petitioner served a nonjudicial subpoena upon the respondent, a nonparty in the underlying action, directing him to appear for a deposition and to produce "all books, records, documents" referred to in his letter. Upon the respondent's failure to appear at the noticed deposition and to produce the items demanded, the petitioner commenced the instant proceeding, inter alia, pursuant to CPLR 2308 (b) to compel compliance with the nonjudicial subpoena.

Pursuant to CPLR 3101 (a) (4), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: . . . any other person, upon notice stating the circumstances or reasons such disclosure is sought or required." Here, the subject disclosure should have been permitted. The respondent's letter expressly contradicts the Town's denial that it possessed any records regarding the alleged defect.

Accordingly, the Supreme Court should have granted that branch of the petition which was pursuant to CPLR 2308 (b) to compel compliance with the nonjudicial subpoena. We remit the matter to the Supreme Court, Nassau County, for further proceedings to compel compliance with the nonjudicial subpoena and, if deemed appropriate, the imposition of any sanctions authorized under CPLR 2308 (b) (1).

In light of the foregoing determination, the appeal from so much of the order entered June 22, 2007, as denied that branch of the petitioner's motion which was for leave to renew must be dismissed as academic. Moreover, the appeal from so much of that same order as denied that branch of the petitioner's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.