KERSTIN THOMPSON, Doing Business as OAK JUDGMENT RECOVERY, as Assignee of the MARTIN Z.N. KATZ LAW CORPORATION and MARTIN Z.N. KATZ, Appellant, v ELLIOTT POLLACK, Also Known as ELLIOT H. POLLACK, Respondent. HELENE POLLACK et al., Nonparty Respondents. [873 NYS2d 173]—

In an action to enforce a foreign money judgment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 6, 2007, which denied her motion to hold nonparty Helene Pollack in contempt of court for her failure to comply with a subpoena to appear for a deposition, granted the separate motion of nonparty Ath-ens Management Services, Inc., to vacate a restraining notice issued pursuant to CPLR 5222 which restrained its bank account at Signature One Bank, and denied her cross motion for leave to enter judgment against nonparty Ath-ens Management Services, Inc., and hold Helene Pollack personally liable as a judgment debtor on the underlying judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of nonparty Ath-ens Management Services, Inc., to vacate the restraining notice issued pursuant to CPLR 5222 which restrained its bank account at Signature One Bank; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The defendant is a foreign-state judgment debtor of the plaintiff's assignor. The foreign-state judgment (hereinafter the California judgment) was entered against the defendant in the Superior Court of the State of California, County of Los Angeles, on October 14, 1994. The California judgment was filed with the Supreme Court, Westchester County, pursuant to CPLR article 54.

The plaintiff failed to establish by clear and convincing evidence (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]) that the failure of nonparty Helene Pollack, the defendant's wife, to appear for a deposition on the return date specified in a subpoena, after she was denied an adjournment due to her attorney's unavailability on that date, was calculated to or actually did defeat, impair, impede, or prejudice the plaintiff's rights (see Judiciary Law § 753 [A] [5]). Accordingly, the Supreme Court properly denied the plaintiff's motion to hold Helene Pollack in contempt of court.

The Supreme Court vacated a restraining notice served by

the plaintiff pursuant to CPLR 5222 upon Signature One Bank, an institution at which an account was maintained by nonparty Ath-ens Management Services, Inc. (hereinafter Ath-ens), a corporation in which the plaintiff believed the defendant had an interest. The restraining notice was served upon Signature One Bank in furtherance of the plaintiff's efforts to enforce the California judgment in New York. Ath-ens asserted that it was the owner of the restrained account and that the defendant had no interest in the corporate account. However, the plaintiff submitted evidence demonstrating that, although Ath-ens was apparently dissolved in 1993, the defendant continued to use the corporate name and continued to use the corporate account to write checks for his own personal expenses. Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a hearing to determine whether the defendant has an "interest" in the Signature One Bank account within the meaning of CPLR article 52 (see 1420 Assoc. v Modern Landfill & Recycling, 256 AD2d 538, 539 [1998]; Ray v Jama Prods., 74 AD2d 845 [1980]; Cascade Automatic Sprinkler Corp. v Chase Manhattan Bank [N.A.], 60 AD2d 901 [1978]) and for a new determination thereafter of the motion to vacate the restraining notice.

The parties' remaining contentions are without merit. Skelos, J.P., Dillon, Santucci and Covello, JJ., concur.