Matter of Maragos v Town of Hempstead Indus. Dev. Agency (2019 NY Slip Op 05536)





Matter of Maragos v Town of Hempstead Indus. Dev. Agency


2019 NY Slip Op 05536


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-05229
 (Index No. 609952/16)

[*1]In the Matter of George Maragos, etc., respondent,
v
Town of Hempstead Industrial Development Agency, et al., appellants.


Ryan, Brennan & Donnelly LLP, Floral Park, NY (John E. Ryan of counsel), for appellant Town of Hempstead Industrial Development Agency.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Peter Sullivan of counsel), for appellant Town of Hempstead.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Kenneth L. Gartner and Joseph Covello of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 2308(b) to compel compliance with nonjudicial subpoenas, the Town of Hempstead Industrial Development Agency and the Town of Hempstead separately appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered April 25, 2017. The order and judgment, insofar as appealed from by the Town of Hempstead, granted the petition insofar as asserted against it and denied its cross motion to dismiss the proceeding insofar as asserted against it and to quash the subpoenas insofar as they were addressed to it. The order and judgment, insofar as appealed from by the Town of Hempstead Industrial Development Agency, granted the petition insofar as asserted against it and denied its cross motion to dismiss the proceeding insofar as asserted against it.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provisions thereof granting the petition insofar as asserted against the Town of Hempstead Industrial Development Agency, and denying the cross motion of the Town of Hempstead Industrial Development Agency to dismiss the proceeding insofar as asserted against it, and substituting therefor provisions granting that cross motion and dismissing the proceeding insofar as asserted against the Town of Hempstead Industrial Development Agency, and (2) by deleting the provisions thereof granting the petition insofar as asserted against the Town of Hempstead, and denying that branch of the cross motion of the Town of Hempstead which was to dismiss the proceeding insofar as asserted against it, and substituting therefor provisions granting that branch of that cross motion and dismissing the proceeding insofar as asserted against the Town of Hempstead; as so modified, the order and judgment is affirmed, with one bill of costs to the Town of Hempstead Industrial Development Agency and the Town of Hempstead, payable by the petitioner.
The Town of Hempstead Industrial Development Agency (hereinafter TOHIDA) is an industrial development agency created by New York State statute in 1971 for the purpose of promoting economic development in the Town of Hempstead (see General Municipal Law §§ 858, [*2]905). In or about May 2015, TOHIDA entered into two payment in lieu of tax (hereinafter PILOT) agreements with the owners of Green Acres Mall, located in Valley Stream.
On or about October 20, 2016, the petitioner, the Comptroller of the County of Nassau (hereinafter the County Comptroller), sent an engagement letter to the executive director/CEO of TOHIDA, informing him of the County Comptroller's commencement of an audit to review PILOT revenue. On or about November 2, 2016, the County Comptroller issued subpoenas to TOHIDA's executive director/CEO and its chairman, and to the Town Supervisor and Town Clerk. The subpoenas sought information relating to "the application and granting of a [PILOT] to Valley Stream Green Acres LLC," including documents related to the PILOT application, the "decision to grant" the PILOT agreement, the cost/benefit analysis performed by TOHIDA, the application to exempt the property from the tax rolls, and proof of service of the exemption application upon the Town and the affected school districts.
In December 2016, the County Comptroller commenced this proceeding pursuant to CPLR 2308(b), by order to show cause and petition, to direct TOHIDA and the Town to comply with the subpoenas. TOHIDA cross-moved to dismiss the proceeding inssfar as asserted against it, and the Town separately cross-moved to dismiss the proceeding insofar as asserted against it and quash the subpoenas insofar as they were addressed to the Town.
In an order and judgment (one paper) entered April 25, 2017, the Supreme Court granted the petition, directed the Town and TOHIDA to comply with the subpoenas, and denied the cross motions of TOHIDA and the Town. TOHIDA and the Town separately appeal from the Supreme Court's order and judgment.
"Unless otherwise provided, if a person fails to comply with a subpoena which is not returnable in a court, the issuer or the person on whose behalf the subpoena was issued may move in the supreme court to compel compliance" (CPLR 2308[b]). "If the court finds that the subpoena was authorized, it shall order compliance" (id.; see Matter of State Div of Human Rights v Berler, 46 AD3d 32, 39-40).
Here, the County Comptroller failed to establish that the subpoena that was issued to TOHIDA was "authorized" (CPLR 2308[b]). We disagree with the Supreme Court's determination that section 402(6) of the Nassau County Charter authorized the County Comptroller to issue a subpoena to TOHIDA. That section provides that the County Comptroller shall "examine and audit of his own motion or when directed to do so by resolution of the County Legislature, the accounts and records of any town or special district and make reports from time to time when requested by the County Executive or County Legislature on the financial condition of the county or any [and] all of its political subdivisions" (Nassau County Charter § 402[6]). As the appellants correctly contend, TOHIDA is not a "town," "special district," or a "political subdivision" of Nassau County (id.). TOHIDA, like all industrial development agencies created under New York State law, is a "corporate governmental agency, constituting a public benefit corporation" (General Municipal Law § 856[2]), established by a "special act of the [State] legislature" (General Municipal Law § 856[1][a]; see General Municipal Law § 905). An industrial development agency "has a separate legal identity from the municipalities that it serves" (Counties of Warren & Washington Indus. Dev. Agency v Adirondack Resource Recovery Assoc., 283 AD2d 846, 849).
We further disagree with the Supreme Court's determination that County Law § 577(1) authorized the County Comptroller to issue the subject subpoenas. The County Comptroller's contention that generally accepted accounting principles require an audit of TOHIDA in order to complete the annual financial report contemplated by County Law § 577(1)(j) and (k) is not supported by the documents upon which he relies. Moreover, the County Comptroller's argument is undermined by County Law § 577(1)(l), which expressly authorizes the County Comptroller to audit another industrial development agency, specifically the Nassau County Industrial Development Agency created under General Municipal Law § 922. If the State Legislature had intended either for county comptrollers to have audit power over industrial development agencies generally, or for the County Comptroller to have audit power over TOHIDA specifically, it could have so provided (see [*3]generally McKinney's Cons Laws of NY, Book 1, Statutes § 240). Since the County Comptroller failed to allege facts, which if true, would establish that the subpoenas issued to TOHIDA were "authorized" (CPLR 2308[b]), the Supreme Court should have granted TOHIDA's cross motion to dismiss the proceeding insofar as asserted against it (see CPLR 3211[a][7]; 7804[f]; see generally Matter of MRI Enters., Inc. v Hausknecht, 142 AD3d 1078, 1080-1081).
Furthermore, although the County Comptroller has the general authority to examine and audit the accounts and records of the Town (see Nassau County Charter § 402[6]), the petition alleged that the Town officials to whom the subpoenas were sent represented that they were not in possession of any responsive records. Since the petition failed to adequately allege that the Town "fail[ed] to comply" with the subpoenas that were addressed to it (CPLR 2308[b]), the Supreme Court should have granted that branch of the Town's cross motion which was to dismiss the proceeding insofar as asserted against it (see CPLR 3211[a][7]; 7804[f]; cf. Matter of Burnett v Paul, 52 AD3d 510, 511).
Finally, the Town contends that the Supreme Court should have granted that branch of its cross motion which was to quash the subpoenas that were addressed to it. A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure "is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d 32, 34 [internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613). Here, the Town failed to sustain its initial burden. Accordingly, we agree with the court's denial of that branch of the Town's cross motion which was to quash the subpoenas that were addressed to it.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court