Schiller v Town of Ramapo (2022 NY Slip Op 01061)





Schiller v Town of Ramapo


2022 NY Slip Op 01061


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09180
 (Index No. 32927/16)

[*1]Julia Schiller, appellant, 
v
Town of Ramapo, respondent, et al., defendant.


The Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin and Meir Katz of counsel), for appellant.
Itamar Yeger, Town Attorney, Suffern, NY (Dennis E. Lynch of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated May 22, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to hold nonparty Christopher St. Lawrence in civil contempt for his failure to comply with a nonjudicial subpoena, and to compel his compliance with that subpoena.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to compel nonparty Christopher St. Lawrence to comply with the nonjudicial subpoena, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.
In July 2016, the plaintiff commenced an action against the defendant Town of Ramapo to recover damages for injuries she alleged she sustained after she stepped in a hole in a pathway maintained by the Town. According to the plaintiff, in April 2015, the Town hired the defendant O'Sullivan Tree Care, Inc. (hereinafter Tree Care), to repair the surface the pathway at issue and Tree Care negligently performed those repairs. In September 2017, the plaintiff commenced a separate action against Tree Care. Thereafter, the two actions were consolidated.
In January 2018, the plaintiff served nonparty Christopher St. Lawrence, former Town Supervisor for the Town, with a nonjudicial subpoena directing him to appear for a deposition. St. Lawrence failed to appear for the deposition as directed in the subpoena, and the plaintiff moved, inter alia, to compel him to comply with that subpoena by appearing for a deposition and to hold St. Lawrence in civil contempt for failing to comply with the subpoena. In an order dated May 22, 2018, the Supreme Court denied the motion, and the plaintiff appeals.
Since the Supreme Court found that the subpoena was proper, that no one had moved [*2]to quash it, and that St. Lawrence had failed to comply with it, the court should have directed St. Lawrence to comply with the subpoena (see CPLR 2308[b]; see also Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d 611, 613). Accordingly, the court should have granted that branch of the plaintiff's motion which was to compel St. Lawrence to comply with the subpoena by directing him to appear for a deposition (see CPLR 2308[b]; Matter of Burnett v Paul, 52 AD3d 510, 511). Thus, we remit the matter to the Supreme Court, Rockland County, to schedule the deposition in compliance with the subpoena and for further proceedings to compel compliance with the subpoena.
However, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to hold St. Lawrence in civil contempt (see Judiciary Law § 753; Thompson v Pollack, 59 AD3d 525, 525; see also Venables v Rovegno, 195 AD3d 879, 880). Here, the plaintiff failed to establish that St. Lawrence's failure to appear for the deposition was calculated to or actually did defeat, impair, or prejudice the plaintiff's rights (see Judiciary Law § 753; Thompson v Pollack, 59 AD3d at 525; see also Venables v Rovegno, 195 AD3d at 880).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., IANNACCI, MILLER, and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court